## M. A. WYGALL AND ANOTHER v. THE STATE TREASURER.

1. Parties claiming to be heirs to an escheated estate brought a suit for it against the State Treasurer, in the district court of the county where the estate was administered.   That court changed the venue to an adjoining county.   The district court of the adjoining county remanded the case to the county wherein it was instituted, on the ground that there was no authority of law for a change of venue in this character of case, and from this ruling the plaintiffs appealed.   *Held*, that the order remanding the cause was only interlocutory, and no appeal from it would lie.

APPEAL from Fort Bend. Tried below before the Hon. I. B. McFarland.

The opinion states all material facts.

No brief for the appellants.

*E. B. Turner*, Attorney General, for the appellee.

LINDSAY, J.—This is a suit brought against the Treasurer of the State, by persons claiming to be heirs at law of John C. Clark, deceased, who died intestate in the county of Wharton, where he had resided, for property delivered and paid over to the Treasurer as an escheat, by the administrators of the intestate. After suit brought, the venue was changed, and the cause transferred to Fort Bend county. Subsequently, at a term of the court in Fort Bend county, the cause was remanded and sent back to the county of Wharton, to be tried. From this order remanding the case this appeal was taken. The order remanding the case was interlocutory, from which no appeal lies until the Legislature sees fit so to provide. The cause is therefore dismissed from the docket.

Dismissed.